# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

**JUAN RAMON ACHURRA,**

Plaintiff, pro se,

v.

**UNITED STATES DEPARTMENT OF EDUCATION;**

**LINDA McMAHON, in her official capacity as Secretary of Education,**

Defendants.

MAY 11 2026 AM10:14
FILED - USDC - FLMD - TPA

**Case No.:** _8:24- CV-1404 - JLB- AAS_

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1. This is an action to compel the United States Department of Education to discharge a fraudulently manufactured student loan debt that, as of April 24, 2026, the Department's own monthly statement reports as a total balance of **$120,953.38** -- comprised of $110,978.15 in unpaid principal and $9,975.23 in unpaid interest, and inflated by $49,606.45 in capitalized interest charged against an original principal Plaintiff never agreed to owe. Plaintiff's authentic, fully executed 1999 Joint Consolidation Promissory Note was superseded by a forged, facially defective 2005 document that Plaintiff did not execute. The servicer has admitted in writing that it cannot produce the original promissory note for the 2005 debt, and



the Department's own April 24, 2026 monthly statement reports a Last Payment Date of "00/00/00" on both loan tranches and life-of-loan payments of only $656.52 across the twenty-one years from May 2005 through April 2026 -- confirming the Department's complete absence of any reliable payment-history accounting. Plaintiff first discovered the forged document on December 4, 2025, and filed a formal Loan Discharge Application the same day. Despite written commitments to adjudicate the application, the Department has stalled for over five months, repeatedly issuing pretextual demands. Plaintiff has exhausted administrative remedies and asks this Court to compel the Department to perform its statutory duty.

## I. JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §§ 2201--2202 (declaratory judgment). This action arises under the Administrative Procedure Act, 5 U.S.C. §§ 701--706, and the Higher Education Act of 1965, 20 U.S.C. § 1087e, including the implementing regulation 34 C.F.R. § 685.215 (Discharge for false certification or unauthorized signature/forgery).

3. Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in Pinellas County, Florida, which is within the Tampa Division of the Middle District of Florida, and a defendant is an agency of the United States.

## II. PARTIES

4. **Plaintiff Juan Ramon Achurra** is a citizen of the United States residing in St. Petersburg, Pinellas County, Florida. He proceeds pro se.

5. **Defendant United States Department of Education** ("DOE") is an executive agency of the United States government responsible for administering the federal student loan program, including the adjudication of loan discharge applications under 34 C.F.R. § 685.215. DOE is subject to suit under 20 U.S.C. § 3411.

6. **Defendant Linda McMahon** is the Secretary of Education and is sued in her official capacity as the head of DOE. She is responsible for the administration and enforcement of the Higher Education Act and the Joint Consolidation Loan Separation Act.

### III. FACTUAL ALLEGATIONS

### A. PLAINTIFF'S EDUCATION, THE 1995--1997 STAFFORD LOANS, AND THE LEGITIMATE 1999 JOINT SPOUSAL CONSOLIDATION

7. Plaintiff completed his post-secondary education in 1998. Between November 1995 and October 1997, the Department disbursed eight (8) Federal Family Education Loan (FFEL) Stafford loans on Plaintiff's behalf totaling exactly **$50,160.00** in original principal -- a figure expressly itemized in the Department's February 28, 2025 letter to United States Senator Rick Scott, signed by William Barnes of EdFinancial Services. Exhibit 8. After 1998, Plaintiff incurred no further educational debt and did not enroll in any further post-secondary program. To the extent that the Department's National Student Loan Data System (NSLDS) reflects an "in school" status for any account associated with Plaintiff after 1998, that status is itself a record of the Department's accounting failure: it reflects the unauthorized attachment of third-party loans to Plaintiff's account, not Plaintiff's actual enrollment. On April 8, 1999, Plaintiff and his then-spouse executed a Joint Direct Consolidation Loan Promissory Note that combined Plaintiff's $50,160.00 in authentic educational debt with his then-spouse's federal educational debt, producing a joint consolidated principal of **$63,521.00** at a fully disclosed and agreed variable interest rate of approximately 2.36%. That note bears both Plaintiff's authentic signature and his then-spouse's signature, both dated April 8, 1999. A true and correct copy of the 1999 promissory note is attached as Exhibit 1.

## B. THE 2005 FORGERY AND THE MISSING ORIGINAL

8. The Department's records reflect a subsequent Direct Consolidation Loan disbursement dated May 26, 2005, recorded as superseding the 1999 joint consolidation and attributing the entirety of the consolidated debt to Plaintiff alone. The 2005 disbursement totaled **$75,923.81 -- $12,402.81 more** than the 1999 joint consolidation balance -- at a fixed interest rate of **3.375%,** which is approximately one full percentage point higher than the variable rate on the 1999 note Plaintiff did agree to. Plaintiff never agreed to the 2005 interest rate, never executed any document authorizing the 2005 consolidation, and received no educational benefit from the additional principal added in the 2005 disbursement, having completed his education seven years earlier in 1998.

9. Plaintiff did not execute the 2005 consolidation document. The document is facially defective and cannot constitute a valid promissory note:

> a. It bears a single signature line, with no spousal signature, despite purporting to consolidate joint spousal debt;
>
> b. The spouse field is marked "N/A" in third-party handwriting;
>
> c. The borrower name field at the top of the form reads only "Achurra" in third-party handwriting;
>
> d. The form contains no witness signature and no notary acknowledgment; and
>
> e. The document is missing Sections A and B of the standard promissory note.

10. Defendants have already admitted in writing that they cannot produce the original promissory note. On July 22, 2025, EdFinancial Services, LLC ("EdFinancial"), the current federal loan servicer for Plaintiff's account, issued an unsigned letter admitting:

> *"We have been unable to obtain a copy of the promissory note*
> *for the Direct Consolidation Loans disbursed on 05/26/2005."*
> *(Exhibit 4).*

11. Having conceded they lack the original, Defendants produced two materially different photocopies of purported 2005 consolidation pages: a two-signature page dated April 29, 2005 (Exhibit 2), and a single-signature page dated May 10, 2005 (Exhibit 3). Neither is an authenticated original. Both are missing Sections A and B. Neither bears a witness signature or notary acknowledgment. Plaintiff alleges the May 10, 2005 single-signature page is forged. Independent of the forgery allegation, Defendants' inability to produce a single authenticated original consolidation instrument, combined with their reliance on multiple inconsistent and facially defective photocopies, evidences a fundamental failure of federal student-loan record-keeping. The Department's own most recent monthly billing statement, dated April 24, 2026, confirms the same accounting failure: it reports a current total balance of $120,953.38, capitalized interest of **$49,606.45** added to principal (a sum exceeding two-thirds of the original 2005 disbursement), total life-of-loan payments of only **$656.52** across twenty-one years, and a "Last Payment Date" of **00/00/00** for both loan tranches -- meaning the Department's own system of record contains no record of any payment ever being received and applied to either loan. Defendants further cannot produce any accounting identifying which portion of the consolidated balance is attributable to Plaintiff, which portion is attributable to his then-spouse, or what payments either borrower made against the underlying loans. Without an authenticated instrument and without a reconciled accounting, the loan cannot lawfully be apportioned, separated, or collected upon -- discharge is the only available remedy.

## C. DISCOVERY OF THE FORGERY AND THE DISCHARGE APPLICATION

12. Prior to September 9, 2025, Plaintiff had never been provided any 2005 consolidation document. On September 9, 2025, EdFinancial, responding to Plaintiff's repeated requests for a copy of the underlying promissory note, sent Plaintiff an unauthenticated photocopy of the April 29, 2005 two-signature page (Exhibit 2). That page is missing Sections A and B, bears no witness or notary, and was produced more than twenty

years after its purported execution. The April 29, 2005 page was the first 2005 consolidation document Defendants ever provided to Plaintiff.

13. On December 4, 2025, after Plaintiff continued to demand the original instrument, Alissa in the AidVantage Office of the Customer Advocate sent Plaintiff a signed letter enclosing a different document: the May 10, 2005 single-signature page (Exhibit 3), which she expressly characterized as:

> *"We have enclosed the best available copy of your Direct Consolidation Loan Promissory Note for your loan disbursed on May 26, 2005."*

That December 4, 2025 production was the first time Plaintiff was made aware that Defendants possessed and intended to rely upon a single-signature document purporting to bind Plaintiff alone for the consolidated debt. The May 10, 2005 page is forged. On the same day he received the May 10, 2005 page -- December 4, 2025 -- Plaintiff prepared and filed a formal Loan Discharge Application: Forgery (OMB No. 1845-0148). After EdFinancial advised by letter dated January 30, 2026 that the December 4, 2025 submission was incomplete, Plaintiff promptly resubmitted a complete, signed, and supplemented Loan Discharge Application: Forgery on February 10, 2026, providing all required information and documentation. Exhibit 5.

14. On December 22, 2025, Phillip in the AidVantage Office of the Customer Advocate sent a signed letter acknowledging the forgery application and forwarding it to the Fraud Department.

15. On January 28, 2026, EdFinancial sent an unsigned letter acknowledging receipt of the application and committing in writing to a 60-day review period, stating:

> *"During the application review process, no payments will be required." (Exhibit 6).*

## D. THE STALLING TACTICS AND PRETEXTUAL DEMANDS

16. Rather than substantively process the application, EdFinancial began issuing unsigned form letters. On March 2, 2026, EdFinancial sent an unsigned "deficiency" letter listing four pretextual reasons for not processing the application.

17. First, EdFinancial demanded that Plaintiff complete Question 22 of the application. This demand directly violates the form's own instructions, as Question 21 explicitly directs applicants who do not know the answer to skip to Question 23.

18. Second, EdFinancial demanded that Plaintiff:

> *"Please advise why you consolidated these loans when you are questioning the validity of them."*

This demand asks Plaintiff to make a written admission that he consolidated the loans -- a fact he disputes -- and is irreconcilable with the application's request that the Department investigate forgery. Plaintiff did not execute the 2005 consolidation.

19. On March 10, 2026, EdFinancial sent another unsigned letter purporting to restart the 60-day review clock, repeating verbatim the text of its January 28, 2026 acknowledgment and again promising that "no payments will be required" during the review. Exhibit 7.

20. On March 11, 2026, EdFinancial sent a redundant, unsigned, word-for-word duplicate of the March 2 deficiency letter, demonstrating a clear pattern: when an actual human (Alissa, Phillip) engages, they sign their names and concede the document is incomplete; when the servicer obstructs, it issues unsigned demands.

21. Both 60-day review periods have expired. The application has been pending for over five months without adjudication.

## E. ADMINISTRATIVE EXHAUSTION AND ESTOPPEL

22. Plaintiff has exhausted all available administrative remedies. He filed escalations with the FSA Ombudsman, the DOE Office of Inspector General, and the Consumer Financial

Protection Bureau (CFPB), and submitted constituent inquiries through the offices of U.S. Senator Rick Scott and U.S. Senator Mark Warner. Through the CFPB's complaint process, both the Department of Education and EdFinancial have been placed on public notice -- visible to the general public in the CFPB's consumer complaint database -- as a record of their failure to comply with applicable federal consumer protection requirements, yet neither has provided substantive resolution. No administrative forum has the authority to compel DOE to adjudicate the application.

23. Defendants' own servicer has formally acknowledged that Plaintiff's underlying obligation is a spousal consolidation loan subject to JCLSA separation procedures. In its February 28, 2025 letter to United States Senator Rick Scott, EdFinancial expressly described Plaintiff's account as resulting from a "spousal consolidation application that paid in full the loan disbursed 04/15/1999," confirmed that joint consolidation borrowers are eligible to apply for separation under the JCLSA, and directed Plaintiff to the JCLSA application portal. Exhibit 8.

## F. ARTICLE III STANDING AND ONGOING HARM

24. While the Forgery Discharge Application remains unadjudicated, Defendants continue to attribute a total balance of **$120,953.38** as of April 24, 2026 to Plaintiff based on a document he did not execute and for which no original promissory note exists. That total reflects $110,978.15 in unpaid principal -- itself inflated by approximately $13,361.00 in obligations that were never Plaintiff's but were combined into his account through the 1999 spousal consolidation, and by an additional $12,402.81 added through the unauthorized 2005 consolidation -- together with $9,975.23 in unpaid interest. This fraudulent attribution causes Plaintiff concrete, particularized, and actual harm, including:

    a. Severe impairment of his ability to obtain favorable credit;

    b. The imminent threat of collection activity, administrative wage garnishment, and Treasury offsets on a forged debt;

c. Evidentiary prejudice by forcing Plaintiff to litigate a twenty-year-old forgery that Defendants withheld from Plaintiff until late 2025; and

d. Procedural injury through the deprivation of his statutory right to a complete and accurate accounting before any collection or separation determination can lawfully occur.

## IV. CAUSES OF ACTION

### COUNT I: UNREASONABLE DELAY -- ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706(1)

25. Plaintiff incorporates paragraphs 1 through 24.

26. DOE has a non-discretionary duty to adjudicate a Loan Discharge Application: Forgery under 34 C.F.R. § 685.215.

27. DOE's failure to adjudicate Plaintiff's December 4, 2025 application after more than five months and the expiration of two self-imposed 60-day deadlines constitutes agency action unreasonably delayed.

### COUNT II: ARBITRARY AND CAPRICIOUS AGENCY ACTION -- ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706(2)

28. Plaintiff incorporates paragraphs 1 through 24.

29. DOE's reliance on an unproducible, facially defective document to deny Plaintiff's statutory rights--in direct violation of the agency's burden of proof and record-keeping obligations under 34 C.F.R. § 682.414 and 31 C.F.R. § 902.2(a)(4)--and its issuance of repetitive, pretextual deficiency letters--including demands that violate the application's own instructions--is arbitrary, capricious, and not in accordance with law.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Juan Ramon Achurra respectfully requests that this Court:

A. **Declare** that the unauthorized May 2005 Direct Consolidation Loan document is void *ab initio*;

B. **Order** Defendant DOE to immediately adjudicate Plaintiff's Loan Discharge Application: Forgery;

C. **Order** Defendant DOE to discharge the debt attributed to Plaintiff under the forged 2005 document pursuant to 34 C.F.R. § 685.215;

D. **Enjoin** Defendants from any further collection activity or adverse credit reporting against Plaintiff pending resolution of this action;

E. **Award** Plaintiff his costs of suit; and

F. **Grant** such other relief as the Court deems just and proper.

Respectfully submitted,

Date: _05/11/2026_____

_____

**Juan Ramon Achurra**

Plaintiff, Pro Se

10039 62nd Ave N Apt 22

Saint Petersburg, Florida 33708

561-990-8335

juan.achurra@gmail.com